UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CENTER FOR BIOLOGICAL
DIVERSITY,

Plaintiff(s),

v.

UNITED STATES ARMY CORPS OF
ENGINEERS et al.,

Defendant(s).

CASE NO.
2:21−cv−00275−RAJ−BAT

**ORDER REGARDING INITIAL
DISCLOSURES, JOINT STATUS
REPORT, AND
EARLY SETTLEMENT**

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for Fed. R. Civ. P. 26(f) Conference: | 6/8/2021 |
| Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1): | 6/22/2021 |
| Combined Joint Status Report and Discovery Plan as Required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(f): | 7/6/2021 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by email to Courtroom Deputy, Andy Quach at andy_quach@wawd.uscourts.gov. The parties are directed to meet and confer before contacting the Court to request an extension.

If this case involves claims which are exempt from the requirements of Fed. R. Civ. P.26(a) and 26(f), please notify Courtroom Deputy, Andy Quach, by email.

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT,
AND EARLY SETTLEMENT – 1

## II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by July 6, 2021. This conference shall be by direct and personal communication, preferably a face–to–face meeting, but may be by a telephonic conference. The Report will be used to determine if a Fed. R. Civ. P. 16 conference would be helpful and to set a schedule for the prompt completion of the case.

The Report must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A proposed deadline for the joining of additional parties.

3. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

   (A) initial disclosures;

   (B) subjects, timing, and potential phasing of discovery;

   (C) electronically stored information;

   (D) privilege issues;

   (E) proposed limitations on discovery; and

   (F) the need for any discovery related orders.

4. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in LCR 26(f)(1), which includes the following topics:

   (A) prompt case resolution;

   (B) alternative dispute resolution;

   (C) related cases;

    (D) discovery management;

    (E) anticipated discovery sought;

    (F) phasing motions;

    (G) preservation of discoverable information;

    (H) privilege issues;

    (I) Model Protocol for Discovery of ESI, and;

    (J) alternatives to Model Protocol.

  5. The date by which discovery can be completed.

  6. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

  7. Whether the pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

  8. Whether the parties intend to utilize the Individualized Trial Program set forth in LCR 39.2 or any ADR options set forth in LCR 39.1.

  9. Any other suggestions for shortening or simplifying the case.

  10. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

  11. Whether the trial will be jury or non–jury.

  12. The number of trial days required.

  13. The names, addresses, and telephone numbers of all trial counsel.

  14. The dates on which the trial counsel may have complications to be considered in setting a trial date.

  15. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be

effected, why it was not made earlier, and shall provide a proposed schedule for the required Fed. R. Civ. P. 26(f) conference and Fed. R. Civ.P. 26(a) initial disclosures.

16. Whether any party wishes a pretrial Fed. R. Civ. P. 16 conference with the judge prior to the entry of any order pursuant to Rule 16 or setting of a schedule for this case. If yes, indicate whether a party wishes an in−person or telephonic conference.

17. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and LCR 7.1.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Courtroom Deputy, Andy Quach, by email.

### III. PLAINTIFF'S RESPONSIBILITY

Plaintiff's counsel (or plaintiff, if pro se), will be responsible for starting the communications needed to comply with this Order.

### IV. JUDGE SPECIFIC PROCEDURAL INFORMATION

All counsel and unrepresented parties should review Judge Tsuchida's web page for procedural information applicable to cases before Judge Tsuchida. The judge's web pages, in addition to the Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, can be found on the Court's website at www.wawd.uscourts.gov.

### V. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Courtroom Deputy, Andy Quach.

//

//

//

The parties are responsible for complying with the terms of this Order.

DATED: The 11th of May 2021

                                         *s/ Brian A. Tsuchida*
                                         BRIAN A. TSUCHIDA
                                         United States Magistrate Judge